IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth Mac Lemons, Jr., | ) | C/A No. 0:22-cv-2700-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Nanette Barnes, Warden, FCI Bennettsville; | ) | |
| The Federal Bureau of Prisons; United | ) | |
| States Attorney General, Merrick B. | ) | |
| Garland, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) Petitioner Kenneth Mac Lemons, Jr. ("Petitioner" or "Lemons"), proceeding *pro se*, filed this matter for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondents Nanette Barnes, Warden, FCI Bennettsville; The Federal Bureau of Prisons; United States Attorney General, Merrick B. Garland (collectively "Respondents") alleging the Bureau of Prisons ("BOP") has not properly calculated his sentence. (DE 1.) Specifically, Petitioner seeks jail time credit for four hundred eighty (480) days he spent in state custody while subject to a federal writ of habeas corpus *ad prosequendum*.[2] (Id.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Petitioner also filed Motion for Extension of Time (DE 14) to file objections to the Report, which the Court grants; therefore, Petitioner's objections to the Report are deemed timely and addressed herein.

1

The Report was issued on September 27, 2022, recommending the case be summarily dismissed, stating "federal law does not allow for such credit unless Petitioner was in custody *only* because of a federal writ or detainer." (DE 11, p. 3 (citing 18 U.S.C. § 3583).) The Report notes that here, "Petitioner was not merely in state pretrial custody, he was serving a state sentence while he was subject to the federal writ. Therefore, no part of his time in state custody was exclusively the product of action by federal officials." (Id.)

Petitioner filed an objection to the Report on October 24, 2022, restating his position that his time in state custody should be credited toward his federal sentence and that the BOP failed to consider that the "Federal Sentencing Court and the government do not oppose [] the granting of time credit for the time the Petitioner spent" serving his state sentence while subject to a federal writ.[3] (DE 15.) First, as the Report accurately addresses, the BOP properly excluded the time Petitioner served for his state sentence when calculating his federal sentence according to 18 U.S.C. § 3583. (See DE 11); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir. 1992)) ("[T]he state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."). Additionally, Petitioner erroneously claims the record reflects the sentencing court intended for Petitioner to receive credit

---

[3]     To be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Although this objection is a restatement of Petitioner's position, which has been addressed in the Report, nevertheless, the Court will address the fallacy of Petitioner's argument in this Order

for the time sought. Rather, the sentencing court denied Petitioner's motion requesting credit for the time sought because "the power to award credit for time served lies solely with the Attorney General of the United States and the Bureau of Prisons . . ." and because Petitioner failed to exhaust his administrative remedies. (DE 1-1, p. 13-14.) Since the sentencing court did not grant Petitioner credit for the time he spent serving his state sentence while subject to a federal writ, the BOP considered all the relevant facts when calculating Petitioner's federal sentence; therefore, this objection is overruled.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 11) and incorporates it by reference.

Therefore, it is **ORDERED** that Lemons' Petition is dismissed without prejudice and without requiring Respondents to file a return. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 25, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.